UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLENN EDWARD MANUS,

       Petitioner,

v.                           Case No: 2:13-cv-425-FtM-29DNF

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

       Respondents.

_____

## ORDER OF DISMISSAL

This case is before the Court on Petitioner Glenn Edward Manus'
("Petitioner's") 28 U.S.C. § 2254 petition for writ of habeas corpus
(Doc. 1, filed June 10, 2013). Petitioner challenges his 1991 state
convictions for first degree murder, robbery, burglary, and dealing
in stolen property arising out of the Twentieth Judicial Circuit,
Lee County, Florida in Case No. 91-CF-001605. Id.

The Court ordered Respondents to show cause why the relief
sought in the petition should not be granted (Doc. 10). On December
4, 2013, Respondents filed a limited response incorporating a motion
to dismiss the habeas petition as time-barred (Doc. 11). The Court
ordered Petitioner to respond to the motion to dismiss by January 4,
2014 (Doc. 13), but Petitioner neither filed a response nor requested
an extension of time in which to do so. The motion is now ripe for
review.

After carefully examining Respondents' motion to dismiss, the record, and the applicable law, the Court concludes that the petition is time-barred under the provisions of 28 U.S.C. § 2244(d).

## I.   Background and Procedural History

On December 19, 1991, Petitioner pleaded no contest to charges of first degree premeditated murder, first degree felony murder, robbery with a deadly weapon, burglary, and dealing in stolen property (Ex. 1).[1] He was sentenced to life in prison with a minimum mandatory term of 25 years on each murder count, to 25 years on the robbery and burglary counts, and to 15 years on the dealing in stolen property count (Ex. 2).   The murder sentences were to be served concurrently, with the remaining sentences to be served consecutively to the murder sentences and concurrently with each other.  Id.   Petitioner moved to correct the concurrent 25 year sentences on the murder counts because there had been only one murder (Ex. 3).   The motion was granted, and on January 28, 1992, an amended judgment and sentence were entered merging the murder counts and sentencing Petitioner to a single 25 year sentence on those counts (Ex. 4).   His sentences on the remaining counts were not changed. Petitioner did not file a direct appeal.

On June 28, 1995, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal

---

[1] References to exhibits are to those filed by Respondent on December 6, 2013 (Doc. 14).

Procedure ("Rule 3.850 motion").   On December 7, 1995, he motion was denied as untimely filed and as without merit (Ex. 5).   Florida's Second District Court of Appeal *per curiam* affirmed on May 24, 1996 (Ex. 6); <u>Manus v. State</u>, 677 So. 2d 845 (Fla. 2d DCA 1996).

On June 18, 2010, Petitioner filed a second Rule 3.850 motion which raised two claims of ineffective assistance of counsel and one claim of an illegal sentence (Ex. 8).   The ineffective assistance claims were dismissed as untimely, and the sentencing claim was denied on the merits (Ex. 11).   Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 13); <u>Manus v. State</u>, 75 So. 3d 1258 (Fla. 2d DCA 2011).

On October 23, 2012, Petitioner filed a motion to correct an illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. 17).   The motion was denied on November 8, 2012 (Ex. 18).   Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 19); <u>Manus v. State</u>, Case No. 2D12-6043, 2013 WL 3753072 (Fla. 2d DCA June 17, 2013).

Petitioner filed a second motion to correct an illegal sentence on October 25, 2013 (Ex. 21).   The motion was denied on November 27, 2013 (Ex. 22).

The instant petition was signed by Petitioner on May 30, 2013 (Doc. 1).

## II.  Analysis

### a.  *A federal habeas corpus petition is subject to a one year statute of limitation*

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  This limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply.  Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. §§ 2244(d)(1)(A).

**b.** ***Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)***

The petition challenges the effectiveness of counsel in relation to Petitioner's 1991 plea proceedings. Petitioner did not appeal either the original or the amended judgment and sentence. Therefore, the convictions and sentences, as amended, became final February 27, 1992, thirty days after they were entered. See Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002)(holding that where a petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired).

Because petitioner's convictions upon his pleas became final prior to April 24, 1996, the effective date of the AEDPA, he had through April 23, 1997 to file his § 2254 petition. See Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions become final before the enactment of the AEDPA must be provided a reasonable time to file their § 2254 petitions, and one year from the effective date is a reasonable period) (citing Goodman v. United States, 151 F.3d 1335 (11th Cir. 1998)).

Petitioner's federal habeas petition was filed on May 30, 2013. Therefore, it was filed 5581 days late unless tolling principles apply to render it timely.

### 1. Petitioner's habeas corpus petition is not subject to statutory tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Neither of Petitioner's Rule 3.850 motions could have operated to toll his habeas statute of limitation because both were dismissed as untimely, and as a result, the motions were not "properly filed." See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

Moreover, Petitioner's motions to correct an illegal sentence, filed on October 23, 2012 and October 25, 2013, and Petitioner's second Rule 3.850 motion did not operate to resurrect the expired AEDPA statute of limitation. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state court petition that is filed following the expiration of the federal limitations period cannot toll the limitations period because there is no remaining period to be tolled).

Petitioner is not entitled to statutory tolling of the AEDPA limitations period.

### 2. **Petitioner's habeas corpus petition is not subject to equitable tolling**

The Eleventh Circuit has held that "the AEDPA's statute of limitations may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (internal quotation marks omitted). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." Id.

Despite having an opportunity to do so, Petitioner did not file a response in opposition to Respondent's motion to dismiss his habeas petition as time barred. However, Petitioner argues in his petition's supporting memorandum that the United States Supreme Court's ruling in Martinez v. Ryan, 132 S. Ct. 1309 (2012) excuses the untimeliness of the instant petition (Doc. 2 at 15). Specifically, Petitioner asserts that he did not have counsel for his first motion for post-conviction relief and that he was "ill-equipped" to file a *pro se* motion. Id.

Petitioner's reliance on Martinez is misplaced. The Martinez case dealt with "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors

in an initial-review collateral proceeding." Id. at 1313. Petitioner has not cited any cases holding that Martinez provides for equitable tolling of the AEDPA statute of limitations. Moreover, the Eleventh Circuit has expressly rejected the argument that Martinez applies to overcome the AEDPA statute of limitations bar. Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) ("the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

Petitioner was not the victim of "extraordinary circumstances that [were] both beyond his control and unavoidable even with diligence," and thus, he does not qualify for equitable relief. Knight, 292 F.3d at 711. Neither has Petitioner exercised the level of diligence required to show the "rare and exceptional circumstances" that qualify a petitioner for equitable tolling. See Lawrence, 421 F.3d at 1226.

Based on the foregoing, this petition for writ of habeas corpus is dismissed as time barred pursuant to 28 U.S.C. § 2244(d).

## III. __Certificate of Appealability__

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a

constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations and internal quotation marks omitted).   Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   The Petition for Writ of Habeas Corpus filed by Glenn Edward Manus (Doc. 1) is **DISMISSED WITH PREJUDICE** as time barred;

2.   Petitioner is **DENIED** a Certificate of Appealability; and

3.   The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___21st___ day of July, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4 7/21/14
Copies: Glenn Edward Manus
Counsel of Record

- 9 -